UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONEY ANTHONY WHITE, III,<br><br>　　　　　　Petitioner,<br>v.<br>CALVIN JOHNSON, et al.,<br><br>　　　　　　Respondents. | Case No. 2:21-cv-01114-APG-VCF<br><br>**ORDER**<br>(ECF No. 14) |

　　　The Federal Public Defender has filed a notice of appearance on behalf of petitioner Toney Anthony White, III. ECF No. 14

　　　I THEREFORE ORDER as follows:

1. The Federal Public Defender, through Jonathan M. Kirshbaum, Esq., is appointed as counsel for White under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent White in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. White shall have 90 days from entry of this order within which to file an amended petition or seek other appropriate relief. Neither that deadline nor any extension of it signifies an implied finding as to the expiration of the federal limitation period or of a basis for tolling during that time. White at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted. That is, by setting a deadline to amend the petition or by granting any extension, I make no finding or representation that the petition, any amendments, or any claims are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

3. The respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition. White may file a reply within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

4. Any procedural defenses the respondents wish to raise to the amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. The respondents may not file a response that consolidates their procedural defenses with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If the respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

5. In any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials regarding each claim within the response as to that claim.

6. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

/ / / /

/ / / /

/ / / /

7. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless directed by the court.

Dated: May 18, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE