# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TONEY ANTHONY WHITE, III, | Case No. 2:21-cv-01114-APG-VCF |
| Petitioner | **ORDER** |
| v. | |
| CALVIN JOHNSON , et al., | |
| Respondents | |

Petitioner Toney Anthony White, III, a Nevada state prisoner, commenced this habeas action by filing a petition under 28 U.S.C. § 2254. ECF Nos. 1-1–1-2.  White has filed an unopposed motion to stay this action pending the resolution of state court proceedings. ECF No. 16.  The respondents have indicated to White's counsel that they do not oppose the motion for stay provided their lack of objection is not construed as a waiver of any procedural defenses to this action. *Id.* at 3.  I will grant the motion.

## I.    Background

White's federal petition challenges his confinement occasioned by a March 27, 2019 judgment of conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Toney White*, Case No. C-16-313216-2.[1] ECF Nos. 1-1–1-2.  The Nevada Court of Appeals affirmed White's convictions. *Toney White v. Warden Calvin Johnson*, Case No. A-20-824261-W.  The state district court denied White's initial petition for state postconviction relief on November 5, 2020. ECF No. 17-2 at 2.  White appealed. ECF Nos. 17-1–17-2.  In its June 22, 2022 amended order, the Nevada Court of Appeals affirmed in part, reversed in part, and remanded to the state district court for an evidentiary hearing and further determination of one of White's claims. *Id.*  White represents that on August 2, 2022, he submitted a Motion for Leave of Court to File Amended or Supplemental Habeas Corpus

---

[1] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Petition to include additional claims in his initial postconviction proceedings. ECF No. 17-3. According to the publicly available online docket, the state district court amended White's judgment of conviction on August 4, 2022.

Meanwhile, on June 11, 2021, White filed this action. ECF Nos. 1-1–1-2.  I ordered that cause be shown why the petition should not be dismissed as it appeared White's state court proceedings are incomplete. ECF No. 6.  White responded with details alleging state-created impediments to his timely filing some of his state court claims and I appointed counsel. ECF Nos. 7, 8, 10–11.  White now moves for a stay and abeyance of this action while he exhausts the postconviction claims that are the subject of the remand order and the additional claims he did not include in his initial state postconviction petition. ECF Nos. 16, 17-3.

## II.    Governing Standards

A state prisoner must file a federal habeas petition within one year of the date upon which his state conviction becomes final. 28 U.S.C. § 2244(d)(1).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under that subsection. 28 U.S.C. § 2244(d)(2).

A prisoner may seek to avoid the predicament of discovering, after months or years of litigating in state court, that his state matters were never properly filed and thus his federal habeas petition is time-barred, "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005).)  Under *Rhines,* the "stay and abeyance" procedure is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Rhines,* 544 U.S. at 277–78.  "In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

The Ninth Circuit has acknowledged the *Rhines* "good cause" standard does not require "extraordinary circumstances" while at the same time recognized stays of mixed petitions should

be granted in "limited circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).  "For example, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. at 416.  Ineffective assistance of postconviction counsel or a lack of counsel can also constitute good cause where the petitioner makes more than a bald assertion that such ineffectiveness caused his failure to exhaust his remedies in state court. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017); *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014) ("Good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify petitioner's failure to exhaust the claims in state court).  Accordingly, this District has declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006) (concluding "good cause" requires a petitioner "to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control . . .").

## III.   Conclusion

White has demonstrated good cause under *Rhines* for failure to exhaust all grounds of his "protective" federal petition prior to filing it.  White has presented some evidence and allegations suggesting he may have been prevented from raising his unexhausted claims in state court due to circumstances over which had little or no control.  At this juncture, I cannot determine whether the claims White seeks to exhaust are "plainly meritless," and there is no objection to the stay of this action on that basis.  White has not engaged in dilatory litigation tactics and he has provided evidence that he is pursuing his unexhausted claims in his state postconviction proceedings.

I THEREFORE ORDER that the petitioner's Unopposed Motion to Stay Proceedings **(ECF No. 16) is GRANTED** without prejudice to the respondent's right to raise any procedural defenses to this action should this matter reopen later.

I FURTHER ORDER that this action is **STAYED** pending final resolution of the petitioner's state postconviction habeas proceedings.

I FURTHER ORDER that the grant of a stay is conditioned upon the petitioner returning

to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings on the postconviction habeas petitions.

I FURTHER ORDER the Clerk of the Court to **ADMINISTRATIVELY CLOSE** this action until I grant a motion to reopen this matter.

Dated: August 21, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE