UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toney Anthony White, III, | Case No. 2:21-cv-01114-APG-VCF |
| Petitioner | **ORDER** |
| v. | |
| Calvin Johnson, et al., | |
| Respondents | |

Petitioner Toney Anthony White, III filed a counseled motion to reopen this matter (ECF No. 20) and a *pro se* emergency motion for an order to show cause (ECF No. 23). The respondents do not oppose reopening but contend that doing so may be premature. ECF No. 32. I will grant the motion to reopen this action. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). I will *sua sponte* strike the *pro se* emergency motion for an order to show cause as filed in violation of Local Rule IA 11-6.

"It is well established that district courts have inherent power to control their docket," including the power to strike improperly filed items from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Local Rule of Practice IA 11-6(a) states that "a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney."

Because White is represented by counsel, he may not personally file motions or documents with the court. Accordingly, I will order White's *pro se* emergency motion for an order to show cause (ECF No. 23) stricken from the docket.

I THEREFORE ORDER as follows:

1. White's motion to reopen this action **(ECF No. 20) is granted.  T**he clerk of the court will reopen this action.

2. The clerk of the court will **strike the *pro se* emergency motion for order to show cause (ECF No. 23)** from the docket.

3. White must file an amended petition for writ of habeas corpus by February 17, 2023. The amended petition must specify whether each ground for relief was exhausted in state court.  For each claim that has been exhausted in state court, the amended petition must state how, when, and where, the claim was exhausted.  If White determines an amended petition need not be filed, then he must file a notice to that effect by February 17, 2023.

4. The respondents will have 60 days following the filing of the amended petition to file an answer or other response to the amended petition.  If White does not file an amended petition, the respondents will have 60 days following the due date for the amended petition to file an answer or other response to the petition.  In any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

5. White will have 60 days following the filing of an answer to file a reply.  The respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

6.  If the respondents file a motion to dismiss, White will have 60 days following the filing of the motion to file a response.  The respondents will thereafter have 30 days to file a reply.

7.  If White wishes to move for leave to conduct discovery, he must file the motion concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to the answer.  Any motion for leave to conduct discovery filed before that time may be considered premature and may be denied without prejudice on that basis.  The respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to White's reply.  Thereafter, White will have 20 days to file a reply in support of the motion for leave to conduct discovery.

8.  If White wishes to have an evidentiary hearing, he must file a motion it concurrently with, but separate from, the response to the motion to dismiss or the reply to the answer.  Any motion for an evidentiary hearing filed before that time may be considered premature and may be denied without prejudice on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court, and, if so, where the transcript is located in the record.  If White moves for an evidentiary hearing, the respondents must file a response concurrently with, but separate from, their reply in support of their motion to dismiss or their response to White's reply.  Thereafter, White will have 20 days to file a reply in support of the motion.

9.  All procedural defenses raised by the respondents, including exhaustion, must be raised in a single consolidated motion to dismiss.  I do not wish to address any procedural defenses in *seriatim* fashion in multiple successive motions to dismiss. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver.  The respondents shall not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims that clearly lack merit.  If the respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

10. The parties must redact personal-data identifiers in all unsealed documents filed with the court as required by LR IC 6.  Any state court record and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and be filed with a separate index identifying the exhibits by number.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as an "attachment" to the base document—i.e., the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). Paper copies of any exhibits over 50 pages—for this case—must be appropriately bound, tabbed, and delivered to the Las Vegas Clerk's office. *See* LR IA 10-3(i); LR

IC 2-2(g).  Courtesy copies must be addressed to the attention of "Staff Attorney" on the mailing address label.

Dated: November 14, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5