UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toney Anthony White, III,<br><br>     Petitioner<br><br>v.<br><br>Calvin Johnson,<br><br>     Respondents | Case No.: 2:21-cv-01114-APG-MDC<br><br>**Order Granting Petitioner's<br>Motion to Stay, Motion to Strike, Denying<br>Petitioner's Motion for Leave to File<br>Document, and Granting the Respondents'<br>Motions to Extend**<br><br>[ECF Nos. 54, 55, 58, 59, 64] |

Petitioner Toney Anthony White, III, has filed a counseled first amended petition (ECF No. 27) and now requests a stay while he litigates his state postconviction petition. ECF No. 54. White also moves to strike the respondents' motion to dismiss or, in the alternative, moves for a more definite statement regarding the respondents' arguments as to relation back. ECF No. 55. I grant White's motion to stay pending exhaustion of his unexhausted claims in state court and grant White's motion to strike. In addition, I deny White's motion for leave to file supplemental authority (ECF No. 64) as moot and grant the respondents' unopposed motions to extend (ECF Nos. 58, 59) *nunc pro tunc*.

## Background

In March 2019, the state court entered a judgment of conviction for two counts of first-degree kidnapping with use of a deadly weapon, two counts of attempt robbery with use of a deadly weapon, one count of battery with use of a deadly weapon resulting in substantial bodily harm, and one count of impersonation of an officer. The Nevada Supreme Court affirmed the conviction. In November 2020, Petitioner filed a state habeas petition. *Toney White v. Warden Calvin Johnson*, Case No. A-20-824261-W. The state court denied postconviction relief. On

appeal, the Nevada Court of Appeals affirmed in part, reversed in part, and remanded to the state district court for an evidentiary hearing and further determination of one of White's claims.

Meanwhile, in June 2021, White filed this action. ECF No. 1-1.  I granted White's motion for a stay and abeyance to exhaust his postconviction claims that were subject to the remand order and additional claims he did not include in his initial state postconviction petition. ECF Nos. 16, 17-3, 18.  In November 2022, I granted White's motion to reopen and in May 2023, he filed his first amended petition. ECF Nos. 20, 27.

The respondents' move to dismiss certain claims that do not relate back to White's original petition as untimely and certain claims as unexhausted. ECF No. 49.  White concedes that he raises Claims 1(A), 1(B), 1(D), 1(H), 5(B), and 6(B) for the first time and requests a stay while he exhausts his claims in state court. ECF No. 54.

## Discussion

**A. Motion for Stay**

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*").  Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there's no indication that the petitioner intentionally

engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

A statement that a habeas petitioner was *pro se* during his state postconviction proceedings is sufficient to constitute good cause for failing to exhaust claims. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon*, 847 F.3d at 721.

White has shown good cause for his failure to exhaust his claims in state court because he was not represented by postconviction counsel during his initial postconviction proceedings. ECF No. 54 at 3-4. Respondents assert that a stay would be futile and wasteful because, based on *Shinn v. Ramirez*, 596 U.S. 366 (2022), the court may not consider new evidence upon return to this court following a stay. I, however, need not reach a determination at this time whether the

court will entertain new evidence following a stay. *Ramirez* does not concern the good cause requirement for a *Rhines* stay. In addition to White's lack of postconviction counsel, White asserts that he intends to argue before the Nevada Supreme Court that a postconviction claim of incompetency can never be procedurally barred. Although the Ninth Circuit has rejected this conclusion, there is a circuit split on the issue. *See Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1307 (9th Cir. 1996); *United States v. Basham*, 789 F.3d 358, 379 n. 10 (4th Cir. 2015) (collecting cases). He may also argue that good cause exists to overcome the procedural bars based on a miscarriage of justice because he was convicted while incompetent.

A claim is potentially meritorious unless "it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). White establishes that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d at 722. There is also no indication that White has intentionally engaged in dilatory litigation tactics. Accordingly, I grant White's motion for stay and abeyance.

**B. Motion to Strike or, in the Alternative, for a More Definite Statement**

In their motion to dismiss, the respondents argue that White cannot demonstrate, at a minimum, that Claims 1(A), 1(B), 1(C), 1(D), 1(E), 1(F), 1(G), 1(H)(1-3), 3, 4, 5(A), 5(B), 6(A), and 6(B) of the amended petition relate back to his original petition because they do not share a common core of operative facts. ECF No. 49 at 7-10. The respondents included legal standards for the Anti-Terrorism and Effective Death Penalty Act (AEDPA) statute of limitations, relation back, and exhaustion generally. *Id*. In addition, the respondents listed the grounds White raised in his original petition and first amended petition respectively. *Id*. at 2-5.

White argues that the respondents' motion to dismiss was not specifically pled, did not provide fair notice, and failed to comply with the notice pleading standard of the Federal Rules

of Civil Procedure. ECF No. 55 at 5-7.  He asserts that the respondents do not articulate how any particular claim in the amended petition fails to relate back to the original petition beyond conclusory statements. *Id*. at 5.

     Habeas Rule 5(b) states that "The answer must address the allegations in the petition.  It must also state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  Although this rule does not mention the specificity of response required in a motion to dismiss, until recently, it was a longstanding practice in this district for respondents to identify in such motions the particular grounds that they claimed did not relate back and to explain why.  Although the respondents have listed the grounds that they claim do not relate back, which White asserts is *every* claim except for one, the respondents did not identify the reasons why they do not relate back.  The respondents rely on the Ninth Circuit's decision in *Ross v. Williams*, in which the court noted that the burden to prove relation back falls on the habeas petitioner—a point that White does not appear to dispute. 950 F.3d 1160, 1172 (9th Cir. 2020) (*en banc*).  However, the respondents in *Ross* identified specific claims as well as the reasons they did not relate back.

     Here, the respondents' timeliness challenge evades the spirit, if not the letter of the specificity requirement in Habeas Rule 5(b).  And it frustrates the judicial process by ensuring that the heart of the relation-back issues isn't reached until the respondents' reply brief, depriving White of the fair opportunity to address them, and leaving the court with an incomplete analysis.  To avoid this scenario and ensure fairness in this process, I grant the motion to strike and for a more definite statement; strike the untimeliness argument in the motion to dismiss and deny the remainder of the motion without prejudice to the respondents' ability to reassert it in a renewed motion.

### C. Motion for Leave to File Document

The Federal Rules of Civil Procedure and Local Rule 7-2 allow a motion, a response, and a reply. Supplemental filings and "surreplies" (*i.e.*, a second opposition) are expressly prohibited without leave of court and "motions for leave to file a surreply are discouraged." LR 7-2(b). White now seeks leave to file supplemental authority related to the respondents' motion to dismiss certain claims in the amended petition as untimely. Because I grant White's motions to stay and to strike, I strike the untimeliness argument in the motion to dismiss and deny the remainder of the motion without prejudice. Accordingly, I deny White's motion to file supplemental authority as moot and without prejudice to White's ability to include such supplemental authority in a future pleading.

### D. Motions to Extend

Respondents seek an extension of time to file their opposition to White's motion to stay (ECF No. 58) and their reply in support of their motion to dismiss (ECF No. 59). I find that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motions *nunc pro tunc*.

### Conclusion

I THEREFORE ORDER:

1. Petitioner Toney Anthony White, III's Motion to Stay Case (ECF No. 54) is granted.
2. White's Motion to Strike (ECF No. 55) is granted. The untimeliness argument in the respondents' Motion to Dismiss is stricken.
3. The respondents' Motion to Dismiss (ECF No. 49) is denied without prejudice to the reassertion of any and all defenses then applicable following the stay, following upon a scheduling order directing a response.

4. The respondents' unopposed motions to extend (ECF Nos. 58, 59) are granted *nunc pro tunc*.

5. This action is STAYED pending exhaustion of the unexhausted claims in the amended petition.

6. The grant of a stay is conditioned upon White filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[1]

7. Any motion to reopen filed following completion of all state court proceedings, Petitioner: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Petitioner intends to amend the federal petition, shall file a motion for leave to amend along with the proposed amended petition or a motion for extension of time to move for leave.

8. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the court grants a motion to reopen the matter.

9. I will reset the briefing schedule upon reopening the case and lifting the stay.

DATED this 5th day of June, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

7