**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Toney Anthony White, III, | Case No.: 2:21-cv-01114-APG-VCF |
| Petitioner | **Order Granting Petitioner's Motion to Reopen and Motion for Leave to File Document** |
| v. | |
| Calvin Johnson, | [ECF Nos. 70, 71] |
| Respondents | |

In June 2024, I granted Toney Anthony White, III's motion to stay this case pending exhaustion of certain claims. ECF No. 69. White now moves to reopen the case for the limited purpose of filing a second amended petition that incorporates the new and additional evidence developed after the grant of the stay. ECF Nos. 70, 71.

White provides that the state court proceedings are ongoing and "still far from over." ECF No. 71 at 2. He nonetheless requests leave to file a second amended petition to add claims based on newly developed evidence disclosed after this habeas matter was stayed. The respondents assert that they are not filing a substantive response to White's motions at this time because White failed to attach the state court pleading and written decisions to his motion to reopen as provided in the order granting the stay. ECF No. 72 at 1.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural*

*Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted). "[D]elay alone—no matter how lengthy—is insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980.

Because White's state court proceedings are ongoing, I find no undue delay. And there is no evidence of bad faith on White's part because the newly discovered evidence was not disclosed until after this matter was stayed. Because motions seeking leave to amend should be liberally granted and White's proposed amendment is not necessarily futile, I find good cause to reopen this matter for the limited purpose of filing a second amended petition. This order does not, however, affect in any manner the operation of the statute of limitations in this case, and I do not intend this order to convey any opinion whatsoever about when the limitations period expires (or expired).

I THEREFORE ORDER as follows:

1. Petitioner Toney Anthony White, III's Motion to Reopen **(ECF No. 70) is granted**. The stay is lifted for the limited purpose of filing White's second amended petition.

2. White's Motion for Leave to File Document **(ECF No. 71) is granted**. The Clerk of the Court is directed to file the second amended petition and its exhibits currently on the docket at ECF No. 71-1, 71-2, 71-3, 71-4, 71-5, 71-6.

3. This action remains administratively closed until such time that the court grants a motion to reopen the matter.

DATED this 6th day of April, 2026.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE